WO                                                                                               MDR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| Nathan Maurice Robinson, | No. CV 14-02187-PHX-SPL (DKD) |
|---|---|
| Plaintiff, | |
| vs. | **ORDER** |
| Durango Jail, et al., | |
| Defendants. | |

Plaintiff Nathan Maurice Robinson, who is confined in the Maricopa County Durango Jail, has filed a *pro se* civil rights Complaint[1] (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2). The Court will dismiss the Complaint with leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. *Id.* The statutory filing fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

---

[1] Plaintiff has failed to allege a jurisdictional basis. However, for purposes of this Order, the Court will construe his claims as filed pursuant to 42 U.S.C. § 1983.

JDDL-K

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

JDDL-K

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Plaintiff's Complaint will be dismissed for failure to state a claim and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**III.   Complaint**

In his two-count Complaint, Plaintiff sues Defendants Durango Jail and Maricopa County. In Count One, Plaintiff raises a claim regarding his food and meals; in Count Two, he raises a claim regarding his "personal appearance and hygiene."

**IV.   Failure to State a Claim**

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id*.

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the

deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

### A.     Defendant Maricopa County

A municipality may not be sued under § 1983 solely because an injury was inflicted by one of its employees or agents. *Long v. County of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2006). To state a claim against a municipality under § 1983, a plaintiff must allege facts to support that his constitutional rights were violated pursuant to an official policy or custom of the municipality. *Cortez v. County of Los Angeles,* 294 F.3d 1186, 1188 (9th Cir. 2002) (citing *Monell*, 436 U.S. at 690-91). A § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006).

Plaintiff makes no allegations against Defendant Maricopa County and, therefore, fails to allege facts to support that Defendant Maricopa County maintained a policy or custom that resulted in the violation of his federal constitutional rights. Accordingly, Plaintiff has failed to state a claim against Defendant Maricopa County, and the Court will dismiss without prejudice Defendant Maricopa County.

### B.     Defendant Durango Jail

Defendant Durango Jail is not a proper Defendant. Section 1983 imposes liability on any "person" who violates an individual's federal rights while acting under color of state law. Defendant Durango Jail is a building or collection of buildings, not a person or legally created entity capable of being sued. Therefore, the Court will dismiss Defendant Durango Jail.

## V.     Failure to Allege a Request for Relief

Rule 8(a)(3) of the Federal Rules of Civil Procedure states that a pleading must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." Plaintiff's Complaint does not contain a request for relief.

Thus, the Court will dismiss the Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

**VI.    Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (*en banc*).

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  *See Rizzo*, 423 U.S. at 371-72, 377.

. . . .

1  Plaintiff must repeat this process for each person he names as a Defendant. If
2  Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific
3  injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for
4  failure to state a claim. **Conclusory allegations that a Defendant or group of**
5  **Defendants has violated a constitutional right are not acceptable and will be**
6  **dismissed**.

7  In addition, if Plaintiff files an amended complaint, he should take note that
8  § 1983 provides a cause of action against persons acting under color of state law who
9  have violated rights guaranteed by the United States Constitution and federal law. 42
10 U.S.C. § 1983; *see also Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995). A
11 pretrial detainee's claim for unconstitutional conditions of confinement arises from the
12 Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment
13 prohibition against cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 and
14 n.16 (1979). Nevertheless, the same standards are applied, requiring proof that the
15 defendant acted with deliberate indifference. *See Frost v. Agnos*, 152 F.3d 1124, 1128
16 (9th Cir. 1998).

17 Deliberate indifference is a higher standard than negligence or lack of ordinary
18 due care for the prisoner's safety. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To
19 state a claim of deliberate indifference, plaintiffs must meet a two-part test. "First, the
20 alleged constitutional deprivation must be, objectively, sufficiently serious"; and the
21 "official's act or omission must result in the denial of the minimal civilized measure of
22 life's necessities." *Id.* at 834 (internal quotations omitted). Second, the prison official
23 must have a "sufficiently culpable state of mind," i.e., he must act with "deliberate
24 indifference to inmate health or safety." *Id.* (internal quotations omitted). In defining
25 "deliberate indifference" in this context, the Supreme Court has imposed a subjective
26 test: "the official must both be aware of facts from which the inference could be drawn
27 that a substantial risk of serious harm exists, *and* he must also draw the inference." *Id.* at
28 837 (emphasis added).

1  The specific inquiry with respect to pretrial detainees is whether the prison conditions amount to "punishment" without due process in violation of the Fourteenth Amendment. *Bell*, 441 U.S. at 535. A jail or prison must provide prisoners with "adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). However, this does not mean that federal courts can, or should, interfere whenever prisoners are inconvenienced or suffer *de minimis* injuries. *See Bell*, 441 U.S. at 539 n.21 (noting that a *de minimis* level of imposition does not rise to a constitutional violation). Whether a condition of confinement rises to the level of a constitutional violation may depend, in part, on the duration of an inmate's exposure to that condition. *See Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996) (citing *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978)).

With respect to food, the Eighth and Fourteenth Amendments require "only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing. 'The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation.'" *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (citation omitted) (quoting *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985)). Spoiled food and foul water are inadequate to maintain health. *Keenan*, 83 F.3d at 1091. An inmate may state a claim where he alleges that he is served meals with insufficient calories for long periods of time. *LeMaire*, 12 F.3d at 1456.

**VII. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

. . . .

. . . .

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

. . . .

. . . .

1  (2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) The Complaint (Doc. 1) is **dismissed** for failure to state a claim and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 27th day of October, 2014.

Honorable Steven P. Logan
United States District Judge